## Brock v. Atlantic Refining Company.

*Building restrictions—Obstruction—Vaults and underground construc-tions—Injunction.*

1. Under a building restriction providing that "no building or part of a building or other obstruction shall ever be erected upon the premises" within certain limits, the construction underground of concrete coal bunkers by the servient owner is not prohibited; the obstructions prohibited are those above or on the surface which would interfere with light and air.

2. The construction of such coal bunkers, therefore, is not a violation of an injunction forbidding the construction by the defendant or its agents or officers of any building, part of a building, structure or other obstruction on the premises in question; the interpretation and effect of the decree depends upon the restriction in the title.

Rule for attachment for violation of injunction. C. P. No. 3, Phila. Co., Dec. T., 1919, No. 6544.

*Owen J. Roberts*, for plaintiff; *Brown & Williams*, for defendant.

DAVIS, J., Oct. 11, 1922.—This court on April 29, 1921, issued its injunction forbidding the construction by defendant or its agents and officers of any building, part of a building, structure or other obstruction on the rear of premises No. 1415 Spruce Street. On July 7, 1922, a petition was filed, asking for a rule for an attachment against certain of said officers and agents for a violation of the injunction. At that time the defendant had excavated the lot to a considerable depth, and at the time of the argument on Sept. 25, 1922, this depth had been largely increased. The declared purpose of the defendant is the construction underground of certain concrete coal bunkers, and the work of such construction is at present under way. The structure is not above the former or natural surface and it is not intended to carry it beyond that level.

We cannot regard what has been done as disobedience and disregard of our decree. That decree depended upon the restriction in the title. That restriction provides "That no building or part of a building or other obstruction shall ever be erected upon the premises" within certain limits. The restriction was imposed for the benefit of the property to the east, now owned by defendant, on which it has constructed a large office building of great height, and the property to the west, belonging to plaintiff. It is plain the word "obstruction" is the key-word to the restriction. The structures prohibited are such as would be obstructions to the owners of the adjoining properties. Obstructions to what? It is manifest the obstructions prohibited are those that would be above or on the surface of the ground and would interfere with light and air. Plaintiff has a right to object to any structure that would have this effect, and it is difficult to imagine what other interest she could have in the use to which the defendant devoted the premises. No right to dictate as to the use of the property is accorded the plaintiff. If it was used as a parking ground for automobiles, it might be very offensive, but it would not be violative of the restriction if no structure was erected. So of other uses. The defendant cannot be deprived of the use of the property if it can be done without offending the restriction. Therefore, if it burrowed under the surface and built a vault there, it ought not to be restrained because the vault would be a structure. In such case the structure would obstruct nothing. It would not be on or upon the restricted lot in the light of the purpose of the restriction, to insure to plaintiff the free and unobstructed enjoyment of light and air. There must be a reasonable construction of the restriction as to what is reasonably necessary for the enjoyment thereof. It is not essen-

tially different if it excavate the ground and construct a vault below the surface, provided it ultimately restores a surface of soil or other covering not raised above the level of the former surface.

A disturbance of an easement is anything which wrongfully interferes with the privilege to which the owner of the easement is entitled, by making its use less convenient and beneficial than before. To constitute an actionable wrong, it must be of a material character, such as will interfere with the reasonable enjoyment of the easement. The plaintiff here is deprived of nothing to which she is entitled under the restriction.

It is also shown that there is a tie-course and cornice of stone which extend beyond the party-line. As to these, since they are mere ornamental decorations, extending, at most, a few inches and at great heights from the ground, many feet above plaintiff's house, we regard them as *de minimis*. As encroachments over the line, they are most difficult to detect by personal inspection, and they certainly, of themselves, obstruct the plaintiff from nothing.

The rule is discharged.